

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2005

# DiGiacomo v. Teamsters Pension

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3510

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"DiGiacomo v. Teamsters Pension" (2005). *2005 Decisions.* Paper 229.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/229

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3510
_____

ALFRED DIGIACOMO,
                                        Appellant,

v.

TEAMSTERS PENSION TRUST FUND
OF PHILADELPHIA AND VICINITY,
                                        Appellee.

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 04-1090)
District Judge: Honorable Legrome D. Davis
_____

Before: SCIRICA, *Chief Judge*, ALITO[*] and GARTH, *Circuit Judges*

(Opinion Filed: November 15, 2005)
_____

OPINION OF THE COURT DENYING
APPELLANT'S APPLICATION FOR ATTORNEY'S FEES
_____

DORIS J. DABROWSKI, ESQ.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

---

[*] Judge Alito did not participate in the conference resulting in this Opinion.

*Attorney for Appellant*
*Alfred DiGiacomo*

SUSAN A. MURRAY, ESQ.
Freedman & Lorry, P.C.
400 Market Street, Suite 900
Philadelphia, PA 19106

*Attorney for Appellee*
*Teamsters Pension Trust Fund*
*of Philadelphia and Vicinity*

Garth, *Circuit Judge*:

Alfred DiGiacomo brought this action against the Teamsters Pension Trust Fund

of Philadelphia and Vicinity (the "Fund") pursuant to the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, alleging that the Fund

incorrectly computed his pension benefits by refusing to credit pre-ERISA service time

accrued prior to a break-in-service. The District Court granted the Fund's motion to

dismiss on the ground that ERISA did not preclude the Fund from relying on certain

break-in-service provisions in its governing pension plan. Those provisions explicitly

permitted the Fund to exclude DiGiacomo's pre-ERISA service time accrued prior to his

break-in-service. A divided panel of this Court reversed, holding that Section 204 of

ERISA, 29 U.S.C. §1054, trumped the plan's break-in-service provisions and thus

required the Fund to aggregate DiGiacomo's pre-break and post-break service time in

calculating his accrued benefit. *See DiGiacomo v. Teamsters Pension Trust Fund of*

*Philadelphia and Vicinity*, 420 F.3d 220 (3d Cir. 2005).[1]

We revisit this matter only to decide whether DiGiacomo, as the prevailing party, is entitled to attorney's fees under ERISA, 29 U.S.C. §1132(g)(1).[2]  That provision provides that "the court *in its discretion* may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. §1132(g)(1) (emphasis added); *see also Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983) (noting that 29 U.S.C. §1132(g)(1) "does not automatically mandate an award to a prevailing party") (citation omitted).  We have set forth the following five factors to guide the exercise of such discretion:

(1) the offending parties' culpability or bad faith;
(2) the ability of the offending parties to satisfy an award of attorneys' fees;
(3) the deterrent effect of an award of attorneys' fees against the offending parties;
(4) the benefit conferred on members of the pension plan as a whole; and
(5) the relative merits of the parties' position.

*Ursic*, 719 F.2d at 673.

We conclude that application of the *Ursic* factors does not support DiGiacomo's request for an award of attorney's fees.  Our determination is particularly informed by the first and fifth *Ursic* factors.  As we noted earlier in these proceedings, the question

_____

[1] The Court denied the Fund's Petition for Rehearing En Banc on October 5, 2005.

[2] DiGiacomo's counsel seeks $38,920.00 in attorney's fees for services rendered in successfully bringing an appeal from the District Court's dismissal of the action.  We requested that the Fund respond to DiGiacomo's application for attorney's fees.  On November 8, 2005, the Fund filed Appellees' Response in Opposition to Appellant's Application for Attorney's Fees, arguing that DiGiacomo has failed to satisfy the guidelines set forth in *Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983) for an award of attorney's fees.

presented by this appeal – "whether, for accrual of benefit purposes, ERISA prevents pension plans from denying credit for pre-ERISA service time accrued prior to a break-in-service" – is a "close and difficult one." *DiGiacomo,* 420 F.3d at 225. The question has divided the Courts of Appeals. *Compare McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 320 F.3d 151, 153 (2d Cir. 2003) *with Jones v. UOP*, 16 F.3d 141, 143 (7th Cir.1994) and *Redmond v. Burlington N. R.R. Co. Pension Plan*, 821 F.2d 461, 466-67 (8th Cir. 1987). And it has led to a division within our Court. *See DiGiacomo,* 420 F.3d at 228-231 (Alito, J., dissenting).

In view of this divergence of opinion regarding the proper construction of ERISA's break-in-service rules, it is clear to us that there was no culpability or bad faith on the part of the Fund in partially denying DiGiacomo's claim for accrued benefits. It is equally clear to us that the Fund's legal position has significant merit. Leaving aside the supporting opinions from the federal appellate courts, the Fund prevailed before the Arbitrator and the District Court in the proceedings below. In addition, the Fund reasonably relied on past decisions from our Court in enforcing its pre-ERISA break-in-service provisions. *See Haas & Cass v. Boeing Co.*, Civ. A. No. 90-7414, 1992 WL 221335, at *4-*7 (E.D. Pa. Sept. 4, 1992), *aff'd without opinion,* 993 F.2d 877 (3d Cir. 1993); *see also Tanzillo v. Local Union 617, International Brotherhood of Teamsters*, 769 F.2d 140 (3d Cir. 1985). In these circumstances, we find no basis for a discretionary award of attorney's fees to the prevailing party.

Even assuming, without deciding, that the remaining *Ursic* factors weigh in favor of an award of attorney's fees, we believe that the first and fifth *Ursic* factors so strongly militate against such an award as to control our determination. Accordingly, we will deny DiGiacomo's application for attorney's fees.