

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# Acrivos v. Vaskov

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Acrivos v. Vaskov" (2007). *2007 Decisions.* Paper 1624.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1624

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2499
_____

COSTAS G. ACRIVOS,

Appellant

v.

JOHN A. VASKOV, Esq. Deputy
Prothonotary Supreme Court;
ELIZABETH M. RICH

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 05-cv-01627)
District Judge: Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 9, 2007

Before:   RENDELL, VAN ANTWERPEN, AND COWEN, <u>CIRCUIT JUDGES</u>.

(Filed: February 14, 2007)

_____

OPINION
_____

PER CURIAM

Appellant Costas G. Acrivos appeals <u>pro</u> <u>se</u> from the United States District Court for the Western District of Pennsylvania's order dismissing his civil rights action for lack of jurisdiction, and, in the alternative, for failure to state a claim upon which relief could be granted. Acrivos's complaint arises out of a divorce action that his former wife, Elizabeth M. Rich, filed in state court, and Acrivos's later attempt to appeal the divorce decree. We need not repeat the details of Acrivos's claims here as they are well-known to the parties and are summarized in the District Court's memorandum.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and exercise plenary review of the District Court's application of the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Turner v. Crawford Square Apartments III, L.P.</u>, 449 F.3d 542, 547 (3d Cir. 2006). We also exercise plenary review over a dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity</u>, 420 F.3d 220, 222 n.4 (3d Cir. 2005).

In some circumstances, the <u>Rooker-Feldman</u> doctrine deprives a federal district court of jurisdiction to review a state court adjudication. <u>Turner</u>, 449 F.3d at 547. The <u>Rooker-Feldman</u> doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).

Here, Acrivos seeks the dissolution of the divorce decree issued by the Court of

Common Pleas of Allegheny County, a jury trial, and a declaration that Rich committed perjury during the divorce proceedings. Acrivos also seeks monetary damages from the Supreme Court of Pennsylvania Deputy Prothonotary based on his rejection of Acrivos's petition for allowance of appeal as untimely. Acrivos disputes the District Court's conclusion that his claims are barred by the Rooker-Feldman doctrine.

The allegations concerning the actions of the Court of Common Pleas of Allegheny County clearly constitute complaints about putative injuries caused by a state court judgment. Thus, the District Court properly concluded that it lacked jurisdiction over these claims. See Holt v. Lake County Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005) (plaintiff's action barred by Rooker-Feldman because "[plaintiff's] injury was caused by the state court judgments . . . [and] absent the state court's judgment . . . [plaintiff] would not have the injury he now seeks to redress") (per curiam) (cited in Turner, 449 F.3d at 547).

Further, to the extent Acrivos seeks to overturn the decisions by the Pennsylvania Supreme Court affirming the actions of the Deputy Prothonotary, the District Court properly concluded that his claims were barred by the Rooker-Feldman doctrine. See id. Although his allegations are not entirely clear, Acrivos also appears to claim that the Deputy Prothonotary somehow violated his due process and equal protection rights. To the extent the District Court had jurisdiction based on this independent claim, the claim was properly dismissed. There has been no violation of Acrivos's federal or

3

constitutional rights because Acrivos received adequate process.[1]  Acrivos sought review

of the Deputy Prothonotary's actions before the Pennsylvania Supreme Court, and the

Pennsylvania Supreme Court denied his petition for review.  The Pennsylvania Supreme

Court also considered Acrivos's petition for reconsideration, and again denied relief.

Moreover, to the extent Acrivos claims that he was denied access to the state courts, this

claim fails because, as noted, the Pennsylvania Supreme Court considered his claims and

denied relief.  Under Rooker-Feldman, we cannot review the Pennsylvania Supreme

Court's decision.  See id.

    Acrivos's allegation that Rich violated his civil rights by committing perjury  also

appears to be an attempt to state an independent claim that is not barred by  Rooker-

Feldman.  Accordingly, we will examine the District Court's alternate holding

that Acrivos failed to state a claim under 42 U.S.C. § 1983 against Rich because there

was no allegation that Rich acted under color of state law and no facts supporting such an

allegation.  We agree with this determination, and therefore will affirm the District

Court's dismissal of Acrivos's claim against Rich based upon its alternative reasoning.

Because we conclude that Acrivos's claim against Rich was properly dismissed under

Federal Rule of Civil Procedure 12(b)(6), we also hold that the District Court did not

abuse its discretion by implicitly denying Acrivos's motion for a default judgment.

    For the foregoing reasons, we will affirm.

---

[1] Moreover, there are no facts in any filing here or in the District Court that would support an equal protection claim

4