

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2008

# Huberty v. US Ambassador

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Huberty v. US Ambassador" (2008). *2008 Decisions.* Paper 634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4330

———————

DONALD M. HUBERTY,
                                        Appellant


v.

U.S. AMBASSADOR TO COSTA RICA;
U.S. SECRETARY OF STATE

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-01420)
District Judge:  Honorable A. Richard Caputo

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2008

Before: MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 21, 2008)

———————

OPINION

———————

PER CURIAM

     Appellant Donald M. Huberty appeals <u>pro</u> <u>se</u> from the District Court's order

dismissing his complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).  For the following reasons, we will affirm the District Court's order of

dismissal.

Because we write primarily for the parties, we need not repeat the details of Huberty's claims here. In brief, Huberty alleges that during a visit in November 2005 to the United States embassy in Costa Rica, he was the victim of an assault and battery by the embassy security director. Huberty further alleges that "embassy security police record all visitors' private conversations." Huberty filed a complaint seeking monetary damages in the Court of Common Pleas for Carbon County, Pennsylvania, naming the United States Ambassador to Costa Rica and the United States Secretary of State as defendants. Defendants filed a notice of removal pursuant to 28 U.S.C. § 1442 and § 1446, and the case was removed to the United States District Court for the Middle District of Pennsylvania. Defendants then filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which was granted by the District Court. Huberty timely appealed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over a dismissal of a complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005).

For substantially the reasons given by the District Court, Huberty's complaint was properly dismissed. To the extent Huberty attempted to assert a claim under the Federal Tort Claims Act ("FTCA"), this claim was properly dismissed because Huberty did not

2

name the United States as defendant. 28 U.S.C. § 2679(b)(1). Further, it is undisputed that Huberty failed to file a claim with the appropriate administrative agency, a prerequisite to filing suit in district court. 28 U.S.C. § 2675(a).

To the extent Huberty attempted to assert claims under Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), these claims were also properly dismissed. Huberty's complaint appears to name the defendants in their official capacities only. An action against government officials in their official capacities constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver. See FDIC v. Meyer, 510 U.S. 471, 483 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979). See also Consejo de Desarrollo Economico de Medicali v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity). Moreover, Huberty's complaint does not allege that either defendant was personally involved with the alleged wrongs and respondeat superior liability is not an available basis for relief under Bivens. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (collecting cases holding that respondeat superior is not a viable theory of Bivens liability); cf. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (no respondeat superior liability in 42 U.S.C. § 1983 cases).

On appeal, Huberty makes no mention of his putative claim under the Pennsylvania constitution, and therefore is apparently not appealing the District Court's

3

disposition of this claim to this Court. In any event, we conclude that this claim was properly dismissed.

On appeal, Huberty also appears to claim that the District Court and the attorneys for the appellees failed to comply with various rules of civil procedure. After reviewing the District Court record, we conclude that this claim is without merit.

For the foregoing reasons, the District Court's order of dismissal will be affirmed. Huberty's "Motion to Appear in Person" and "Motion to instruct a Judicial Clerk of any Circuit Court Judge to review all cases before Judge A. Richard Caputo in the past two years that prevented Discovery prior to Case Management Conference" are denied.