**ALD-224**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2175
_____

STEVEN BELL,
                                        Appellant
v.

JOHN SKENDALL, SNU UNIT MANAGER; MICHAEL HARLOW,
SUPERINDENENT; WENDELL PAZT, SNU PSYCH; MAXINE OVERTON,
HEALTHCARE ADMINISTRATOR
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-11-cv-00310)
District Judge:  Honorable Susan Paradise Baxter, Magistrate Judge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012

Before:  SLOVITER, FISHER AND WEIS, Circuit Judges

(Opinion filed: July 19, 2012)
_____

OPINION
_____

PER CURIAM.

1

Steven Bell appeals pro se from the order of the United States District Court for the Western District of Pennsylvania dismissing his case. Because the appeal is lacking in arguable merit, we will dismiss it under 28 U.S.C. §1915(e)(2).

Steven Bell is a Pennsylvania state prisoner, incarcerated at the State Correctional Institution at Albion (SCI Albion). He filed suit pursuant to 42 U.S.C. §1983 against officials of the Special Needs Unit (SNU) and the health care administrator at SCI Albion. Bell alleged that the defendants violated his rights under the Eighth and Fourteenth amendments of the United States Constitution by removing him from the SNU despite his need for mental health treatment.

The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In their motion the defendants raised the affirmative defense that Bell had failed to exhaust his administrative remedies, disputing Bell's claim in his complaint that he had filed grievances which had been denied. The defendants attached to their motion a sworn declaration by Leilani Sears, an administrative officer responsible for reviewing prison grievance records, who stated that Bell "has not properly appealed any grievance to final review," and attached in turn copies of Bell's filings. The District Court[1] issued an order which, inter alia, advised the parties that the motion may be treated as a motion for summary judgment and advised Bell that he could respond to the defendant's motion with opposing affidavits. Because Bell merely responded with a

---

[1] The parties consented to proceed before a Magistrate Judge under 28 U.S.C. §636(c).

motion to amend his complaint and failed to address the question of exhaustion at all, the District Court granted the defendants' motion

We have appellate jurisdiction under 28 U.S.C. §1291, and because Bell is proceeding in forma pauperis, we review the appeal for possible dismissal under 28 U.S.C. §1915(e)(2). Our review is plenary. See Digacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005) (stating standard of review over dismissal under Federal Rule of Civil Procedure 12(b)(6)), see McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment). An appeal must be dismissed under 28 U.S.C. §1915(e)(2) if it has no arguable basis in law or fact. Neitzke v.Williams, 490 U.S. 319 (1989).

Exhaustion is required by 42 U.S.C. §1997(e) before an inmate suit can be maintained. Booth v. Churner, 532 U.S. 731, 739 (2001). Exhaustion of administrative remedies must be in accordance with applicable regulations and policies, and noncompliance cannot be excused by the courts. Woodford v. Ngo, 548 U.S. 81, 83 (2006). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir.2004).

Leilani Sears' sworn declaration explains why, although Bell appears to have filed grievances, none was appealed to final review.  Because Bell did not challenge Sears' declaration, let alone do so in a way that created a "genuine dispute as to any material

3

fact," pursuant to Federal Rule of Civil Procedure 56(a), the District Court properly granted the defendants' motion.

Accordingly, this appeal is lacking in arguable legal merit, and we will dismiss it according to 28 U.S.C. §19158(e)(2).