**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1923
_____

TOMOKO FUNAYAMA,

Appellant

v.

NICHIA AMERICA CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-12-cv-05406)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 12, 2014

Before: JORDAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 18, 2014 )
_____

OPINION
_____

PER CURIAM

 Tomoko Funayama, proceeding pro se, appeals from the District Court's order

granting Defendant/Appellee Nichia America Corporation's ("Nichia") motion to dismiss

Funayama's most recent employment discrimination lawsuit. We will affirm the District Court's order.

Funayama was employed by Nichia from 1995 through 2008. On August 28, 2008, she filed a Second Amended Complaint with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission, raising several allegations of employment discrimination, including a claim that she had been paid less than Tim Ujike, a male counterpart, based on her gender. In December 2008, after the administrative proceedings concluded, Funayama filed an employment discrimination complaint before the United States District Court of the Eastern District of Pennsylvania. (See E.D. Pa. Civ. No. 5:08-cv-05599.) In her amended complaint, she raised claims under several discrimination statutes, including Title VII of the Civil Rights Act of 1964. She claimed that, throughout their employment relationship, Nichia had discriminated against her based on her gender, age, and national origin. Her federal complaint did not include a claim under the Equal Pay Act, 29 U.S.C. § 206(d).

In November 2010, Funayama sought leave to amend her 2008 complaint so that she could add, among others, a count under the Equal Pay Act, asserting that she was compensated less because of her gender. As in her administrative complaint, Funayama claimed that Tim Ujike was paid more for doing equal work. The District Court denied Funayama's motion in an order entered in December 2010. Then, in its April 2011 decision granting Nichia's summary judgment motion, the District Court detailed its

2

reasons for denying Funayama's request to amend her complaint. The District Court concluded that amendment would have been prejudicial to Nichia, as well as futile. It explained that, although Ujike was paid more, he had been identified several times as Funayama's direct supervisor, and there was no evidence that he and Funayama performed the same functions with the same level of responsibility. We affirmed the District Court's grant of summary judgment on May 17, 2012.

On October 2, 2012, Funayama filed her current complaint, which raises the same Equal Pay Act claim that she unsuccessfully sought to add to her 2008 complaint. She asserts that she "suffered from pay disparity stemming from her hidden employment status," which she discovered during discovery in the 2008 case when she found out that Nichia allegedly had classified her as an "expatriate" employee but paid her the lower wages and provided her with the inferior benefits package of a locally-hired employee because she is a woman.[1]

On March 17, 2014, the District Court entered an order granting Nichia's motion to dismiss Funayama's complaint, determining that it was barred by the doctrine of res judicata. The District Court's alternative bases for dismissal were that Funayama's claim was barred by the statute of limitations and that she had failed to set forth a prima facie case.

---

[1] Funayama states that "expatriate" employees are Japanese employees sent to the United States to work for Nichia America by its Japanese parent corporation. "Locally-hired" employees are hired by Nichia America in the United States.

Funayama now appeals.[2]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See DiGiacomo v. Teamsters Pension Trust Fund, 420 F.3d 220, 222 n.4 (3d Cir. 2005).

The District Court concluded that Funayama's Equal Pay Act claim was barred by the doctrine of res judicata. We agree. Res judicata, also known as claim preclusion, requires: "(1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010). Moreover, this doctrine bars not only claims that have been litigated, but also those claims that could have been asserted in the prior action. See id.

Funayama filed an employment action against Nichia in 2008, and in her Amended Complaint she asserted that she had been discriminated against based on her gender, race, age, and national origin. The District Court disposed of Funayama's employment discrimination claims on the merits when it granted Nichia's motion for summary judgment. Scrutiny of the two complaints leaves no doubt that this action arises from the same events as the earlier case. See Davis v. United States Steel Supply,

---

[2] The District Court denied Funayama's motion for reconsideration of its March 17, 2014 order on April 17, 2014. Because Funayama did not file an amended notice of appeal, we do not have authority to review the District Court's decision denying her motion for reconsideration. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

4

688 F.2d 166, 171 (3d Cir. 1982) (stating that whether res judicata applies depends on the "essential similarity of the underlying events giving rise to the various claims" rather than the "specific legal theory invoked"); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 173 (3d Cir. 2009). As the District Court explained, Funayama's current allegation that Nichia willfully and wantonly "set her apart from other male employees by discriminating against her in terms of compensation," is "indisputably connected to the 2008 action in that it arises out of the identical employment relationship and involves the same type of discrimination." Moreover, there is no doubt that Funayama could have brought the Equal Pay Act claim in her 2008 complaint, as her inclusion of a nearly identical pay disparity claim in her 2008 administrative complaint belies her contention that she was not aware of the claim until 2010. That she may have learned additional information supporting an Equal Pay Act claim in 2010 has no bearing on whether she could have brought the claim in her original complaint. See Elkadrawy, 584 F.3d at 173-74. Thus, for essentially the reasons relied upon by the District Court, we agree that Funayama's 2012 cause of action is barred as res judicata, and will affirm the District Court's order dismissing Funayama's complaint.[3]

---

[3] Because we affirm on this basis, we need not reach the District Court's alternate bases for its decision. Additionally, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Funayama's state law claims. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).