

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2006

# Greene v. McNeal

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Greene v. McNeal" (2006). *2006 Decisions*. Paper 1750.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1750

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 05-1353

———————————

LARRY L. GREENE,
                    Appellant

v.

GREGORY MCNEAL; MARY MCDANIEL, Attorney;
GREGORY F. ADAMCZYK, Corporal; BARRY TITLER

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-01451)
District Judge: Honorable John E. Jones, III

———————————————————

Submitted Pursuant to LAR 34.1(a)
January 9, 2006

———————————————————

Before: BARRY and AMBRO, Circuit Judges, and
DEBEVOISE[*], Senior District Judge

(Filed: January 13, 2006)

———————————

OPINION

———————————

———————————

[*]Honorable Dickinson R. Debevoise, Senior District Judge for the District of New
Jersey, sitting by designation.

DEBEVOISE, Senior District Judge

Appellant, Larry L. Greene, filed a complaint in the District Court alleging that he was discharged from his job as a Pennsylvania State trooper in violation of his First Amendment right of access to the courts, his right to procedural and substantive due process of law and his right to equal protection of the laws.[1] He named as defendants Pennsylvania State Police ("PSP") officers Gregory McNeal, Gregory Adamczyk and Barry Titler and Mary McDaniel, an attorney with PSP. The District Court granted defendants' motion to dismiss. We will affirm.

## I. The Facts

In his appellate brief Greene acknowledged that "the Trial Court's factual synopsis is excellent." The abbreviated summary of the allegations of the complaint that follow is derived from the District Court opinion. In January of 2002 a woman reported to Officer McNeal that her daughter had been involved with Greene during off-duty hours when the daughter was a minor. After the daughter failed to appear for an interview, Officer McNeal interviewed her by telephone. Although the daughter did not wish to pursue the matter, Corporal Adamczyk, a criminal investigator, was assigned to the case. The daughter told him that she did not want to be involved in the matter and had no complaint against Greene.

Nevertheless, during that period "the defendants enlisted the support of the

---

[1] Greene also alleged a violation of his First Amendment right to associate and speak out but did not raise these claims on his appeal.

2

defendant Titler who used the internal machinery of the PSP's Internal Affairs Division, to persecute [Greene] while seeking to create a statistic indicating that the PSP was ferreting out troopers accused of sexual misconduct, causing a reverse discrimination further depriving [Greene] of First Amendment rights." (Complaint Para 16, App. A9).

On April 22, 2002, a second young woman was brought to the PSP Huntington barracks under false pretenses and was questioned extensively by Corporal Adamczyk. Attorney McDaniel, who worked with Officers McNeal and Titler, told both women that they must attend PSP administrative hearings or be held in contempt of court and go to jail. Administrative proceedings were held, at which the young women testified. Thereafter Greene was dismissed from employment with PSP on August 29, 2002. Greene's action brought pursuant to 42 U.S.C. § 1983, followed.

## II. **The District Court Opinions**[2]

Addressing defendants' motion to dismiss the complaint, the District Court held that Greene's allegations established that the defendants were state actors, but also held that the allegations of the complaint failed to establish that defendants deprived him of a federal right secured under the Constitution or federal law.

With respect to Greene's claim that he was denied access to the courts, the District Court found that he "fails to state in what manner defendants denied him access, and does not identify any court to which he was denied access." (App. A18). Citing Christopher v.

---

[2] The District Court entered two orders and opinions, one dated November 16, 2004 and one dated January 3, 2005. They will be treated herein as a single opinion.

<u>Harbury</u>, 536 U.S. 403 (2002), in which the Supreme Court specifically addressed access to court claims, the District Court held that the complaint failed to allege either of two categories of court access claims: i) claims that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time," <u>Id</u>. at 413, and ii) "claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." <u>Id</u>. at 413-414. The District Court stated that "[w]hile we have endeavored in a nearly Herculean fashion to decipher how Plaintiff's claim fits within either of the <u>Christopher</u> categories, we can only conclude that he fails to state a claim in this regard" (App. A21) (footnote omitted).

The District Court summarized Greene's due process claims: "Plaintiff asserts that he was denied both substantive and procedural due process rights 'in that the defendants lied to civilian witnesses who neither wanted, nor intended, to attend hearings and be a witness against plaintiff, into believing that they could be charged with contempt and jailed if they did not show up for the defendant's administrative hearing held on behalf of the PSP against plaintiff . . . [P]laintiff meets the <u>Christopher [v. Harbury]</u> criteria, i.e., by virtue of the cloak of authority surrounding the defendants, who blatantly abused it, he was forced to go through an administrative hearing and dismissed from his job.'" (App. A 38).

The District Court observed that the right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes

4

within both the liberty and property concepts of the Fifth and Fourteenth Amendments. The Court then held that "[w]hile we can perceive that a procedural due process claim <u>might</u> arise out of a sequence of events which, as here, resulted in the dismissal of a Pennsylvania State Trooper, Plaintiff's complaint is bereft of any factual allegations which would allow us to discern that there was in fact a procedural due process violation." (App. A 27-8).

Turning to Greene's substantive due process claim, the District Court held that "Plaintiff has failed to state a substantive due process cause of action as he had no fundamental property interest in his government job as a PSP officer." (App. A 39).

Finally the District Court rejected Greene's claimed denial of equal protection under the Fourteenth Amendment. Greene alleged that PSP wanted to scapegoat him and others like him who were engaged in sexual misconduct. The District Court concluded that the asserted class alleged to have been treated differently, i.e., state troopers allegedly involved in sexual misconduct, is not a suspect class nor is the right to engage in sexual misconduct a fundamental right. That being the case, PSP need only have a rational basis for treating the class of which Greene was a member differently. The court found "that PSP's interest in removing state troopers involved in sexual misconduct furthers a legitimate state interest and accordingly satisfies rational basis scrutiny under the equal protection clause." (App. A 30).

The District Court granted Defendants' motion to dismiss.  This appeal followed.[3]

### III.  **Jurisdiction and Standard of Review**

The District Court had subject matter jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1343.  We have jurisdiction by virtue of 28 U.S.C. § 1291.

Our review of the District Court's grant of a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim is plenary.  DiGiacomo v. Teamsters Pension Trust Fund, 420 F.3d 220, 222 fn 4 (3d Cir. 2005).  All facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true.  Markowitz v. Northeast Land Co., 906 F. 2d 100, 103 (3d Cir. 1990).

Reading the complaint in the light most favorable to Greene's position, it alleges two wrongful acts: i) PSP's pursuit of an internal review and discipline of a State police officer for an improper purpose; and ii) treating two prospective witnesses in a disciplinary proceeding against Greene in an improper way.

The improper purpose is summarized in Greene's brief: "The leadership of PSP, at the times complained of in the complaint, was feeling particularly sensitive about public pressure caused by high profile, well-publicized cases like the 'Evans' case and the

---

[3] In a November 16, 2004 order the District Court granted Defendants' motion to dismiss Greene's right to access claims, First Amendment claims and Fourteenth Amendment equal protection claims.  The Court denied the Defendants' motion to dismiss Greene's substantive due process claims.  The order permitted Greene to file an amended complaint to supply additional facts in support of his procedural due process cause of action.  Greene did not file an amended complaint, and in a January 3, 2005 order addressing Defendants' renewed motion to dismiss, the Court granted the motion and dismissed Greene's procedural and substantive due process claims.

'Suders' case. As a consequence, Larry Greene and others like him were pursued for the sake of statistics. The PSP wished to demonstrate that they were serious about getting rid of any members who engaged in questionable sexcapades." (App. Brief at 9).

The improper treatment of witnesses consisted of advising one witness that, if she did not attend Greene's administrative hearings and testify, she could be charged with contempt of court and go to jail. A second potential witness was induced to present herself at the PSP offices on the representation that she was called there on a matter concerning her father, who was incarcerated in a county prison. She too testified against her will because she believed she had to.

What the complaint fails to allege is as significant as what it does allege. There is no allegation that the young women had not engaged in sexual activities with Greene when they were minors; there is no allegation that they were pressured in any way to give false or misleading testimony; there is no allegation that the administrative proceeding was conducted in any way that was unfair or irregular. These omissions are particularly significant in light of the fact that the District Court gave Greene an opportunity to file an amended complaint to buttress his claim of a violation of procedural due process. If anyone has a ground to complain about the representations allegedly made to the witnesses, it would be the witnesses themselves, not Greene. Further, no good reason appears why the PSP, concerned about adverse publicity arising from high profile cases, should not seek to remove officers who had engaged in "questionable sexcapades."

The District Court explained fully why there is no merit to Greene's claims that he

7

was denied access to the courts, that he was deprived of procedural and substantive due process and that he was denied equal protection of the laws. In his appellate brief Greene advances nothing to counter the reasoned conclusions of the District Court. Rather the brief consists largely of a generalized commentary upon the importance of fair hearings, the dangers of corrupt and coercive police conduct and the injuries that a wrongfully discharged public employee will suffer. Although one can agree with these general statements, the complaint alleges no facts that suggest that they are relevant in the present case. The complaint alleges nothing which, if true, would support Greene's claims that he has been deprived of his constitutional rights.

We will affirm the orders of the District Court dismissing Greene's complaint essentially for the reasons set forth in the District Court's opinions.