

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2007

# Travillion v. Leon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2136

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Travillion v. Leon" (2007). *2007 Decisions.* Paper 432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2136

_____

JAMAR L. TRAVILLION,

Appellant

v.

LT. LEON, Unit Manager of Unit 8D in the A.C.J.;
ALLEGHENY COUNTY JAIL

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-CV-00912)
District Judge: Hon. David S. Cercone

_____

Submitted under Third Circuit LAR 34.1(a)
August 20, 2007

Before:   BARRY, CHAGARES and ROTH, Circuit Judges

(Opinion filed   September 14, 2007  )

_____

O P I N I O N

_____

**PER CURIAM**

Appellant Jamar L. Travillion appeals *pro se* from the District Court's orders partially granting defendants' motion to dismiss and granting the remaining defendant's motion for summary judgment.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over a dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). See DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005). We also exercise plenary review over a district court's order of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

In his civil rights complaint, Travillion alleges that the Allegheny County Jail violated the First, Fourteenth, and Eighth Amendments when it served vegetarian meals to all of the inmates at the jail during Lent in 2004 and ignored several of Travillion's requests for a grievance form while he was in a Disciplinary Housing Unit.[1] Travillion, a Protestant, alleges that the provision of meatless meals forced him to practice a religious tenet of Catholicism. He further contends that in order to avoid the practice of Catholicism, he was forced to "hunger strike" on seven different days in 2004. In addition, Travillion alleges that

---

[1] Travillion filed an essentially identical complaint in another action in the District Court where he named as a defendant only Aramark Correctional Services, Inc., the company that apparently oversees food preparation and commissary needs for the Allegheny County Jail. See 04-cv-00911. The District Court entered summary judgment in favor of Aramark. Travillion's appeal of that decision is also currently before this Court. See C.A. No. 06-1873.

2

Lieutenant Leon, an Allegheny County Jail employee, subjected him to excessive force in violation of the Eighth Amendment when he allegedly used mace, pulled Travillion up out of his seat, twisted Travillion's arms, and put Travillion in handcuffs before escorting him to a Disciplinary Housing Unit following Travillion's complaints about the meatless meal. Travillion also appears to contend that these actions constituted impermissible retaliation for Travillion's refusal to eat the vegetarian meal and his request for a grievance form. The District Court dismissed all of Travillion's claims against the Allegheny County Jail, but allowed his excessive force claim against Lieutenant Leon to proceed to the summary judgment stage. Thereafter the District Court granted Lieutenant Leon's motion for summary judgment.

In order to establish a §1983 civil rights claim, a claimant must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Robb v. City of Philadelphia, 733 F.2d 286, 290-91 (3d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). See also Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) (municipalities are considered "persons" under section 1983 and may be held liable for a constitutional tort where the municipal entity was responsible for the violation).[2] Accordingly, the first step in evaluating a §1983 claim

---

[2] Because it is not disputed by the parties, we will assume for purposes of this appeal that the Allegheny County Jail is a municipal government entity subject to suit under § 1983.

is to identify the exact contours of the underlying rights said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all. Kaucher, 455 F.3d at 423 (quotation omitted). For the following reasons, we conclude that Travillion has not been deprived of any constitutional right. Accordingly, we need not determine whether the Allegheny County Jail could be held liable under the circumstances presented here or whether Lieutenant Leon would be entitled to qualified immunity. See id. at 423 n. 2.

Travillion alleges that the Allegheny County Jail violated the Establishment Clause of the First Amendment of the United States Constitution by serving all of the inmates vegetarian meals during the 2004 Lent season. This contention is without merit. Under Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971), an action challenged under the Establishment Clause is unconstitutional if (1) it lacks a secular purpose, (2) its primary effect either advances or inhibits religion, or (3) it fosters an excessive entanglement of government with religion. See also Modrovich v. Allegheny County, Pennsylvania, 385 F.3d 397, 401 (3d Cir. 2004) (discussing the Lemon test). Here, the Allegheny County Jail's actions had the secular purpose of feeding the inmates. The service of these meals did not have the primary effect of advancing Catholicism or inhibiting other religions, nor did it foster the excessive entanglement of government with religion. The eating of a vegetarian repast is not inherently linked to a religious practice. Vegetarian meals are regularly eaten by many different people on an everyday basis, regardless of their religion.

4

Travillion's equal protection claim is likewise without merit. The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). An equal protection claim can be brought by a "class of one," a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). There was no improper differential treatment here because, as noted above, all of the prisoners were served vegetarian meals during Lent, irrespective of their religion. Further, Travillion's complaint does not allege that his Protestant faith required him to eat certain types of meals, or that the Allegheny County Jail refused to accommodate his religious dietary needs while simultaneously accommodating the dietary requirements of other similarly situated inmates.

We now turn to Travillion's claim that Lieutenant Leon's use of force against him constituted retaliation for Travillion's refusal to eat the vegetarian meals and Travillion's request to file a grievance about the food. This claim was properly dismissed because, for the reasons explained above, Travillion's refusal to eat vegetarian meals was not constitutionally protected conduct under the circumstances presented here. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (as a threshold matter, prisoner plaintiff in a retaliation case must prove the conduct which led to the alleged retaliation was constitutionally protected). Further, prisoners do not have a constitutional right to prison

5

grievance procedures.  See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases).

Travillion also complains that the actions of the Allegheny County Jail and Lieutenant Leon violated the Eighth Amendment.  However, because Travillion was a pre-trial detainee at the time of the actions he complains of, the Eighth Amendment does not apply to him.  Instead, Travillion is eligible for protection under the Due Process clause.  As discussed above, Travillion claims his constitutional rights were violated when he was served vegetarian meals on eight days during Lent in 2004 and chose to "hunger strike" on those occasions.  Travillion's claim of a constitutional injury premised on his own refusal to eat anything when he was served a small number of vegetarian meals does not state a violation of a constitutional right and therefore the District Court properly dismissed this claim.

We also conclude that the District Court properly entered summary judgment in favor of Lieutenant Leon regarding Travillion's excessive force claim.  To prove a Due Process violation, the detainee must show that the force used amounts to a wanton infliction of punishment, as opposed to an amount rationally related to exercising control.  See Fuentes v. Wagner, 206 F.3d 335 (3d Cir. 2000) (Eighth Amendment's cruel and unusual punishment standards apply to a pretrial detainee's excessive force claim arising in the context of a prison disturbance).  Even viewing all of the facts in the light most favorable to Travillion, Travillion has failed to show that there exists a genuine issue of material fact regarding whether Lieutenant Leon's alleged use of force violated Due Process.

For the foregoing reasons, we will **affirm** the judgment of the District Court.[3] To the extent Travillion attempts to raise any issues for the first time on appeal, we decline to address them.

---

[3] Travillion also appeals from orders denying a motion to compel discovery and a motion to amend his complaint to include additional claims and defendants. We are satisfied that the District Court properly resolved these motions.