CLD-224                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1900
_____

DEWAYNE RICHARDSON,
Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; ATTORNEY
GENERAL UNITED STATES OF AMERICA; DAVID W. OGDEN, Deputy Attorney
General; DAVID J. EBBERT, Warden; J.CLEMENS, Associate Warden; RALEIGH,
Associate Warden; B.EY, Associate Warden; F. LARA, Associate Warden; PA
ROGESS; ASSOCIATE WARDEN JULIE NICKLINE; CAPTAIN K. GABRIELSON;
REGIONAL DIRECTOR D. SCOTT DODRILL; Counselor; R. LAINO, Health Service
Administrator; K. DEWALD, Assistant Health Service Administrator; PA-C R.
RACKOVAN; PA-C M. POWANDA; N WELDLICH, EMT; MAIL ROOM STAFF
PAWLINGS; MAIL ROOM STAFF SHANKS; MAIL ROOM STAFF WOLEVAR; PA
ROCESS; STOVER; C. FEGLEY
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-10-cv-01009)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 25, 2012)

_____

_____

PER CURIAM

Dewayne Richardson appeals from the District Court's June 22, 2010 order granting the appellees' motion to dismiss and the court's March 19, 2012 order granting the appellees' motion for summary judgment. Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. §1915(e)(2).

I

In 2010 Richardson filed a 42 U.S.C.§1983 civil rights complaint in the United States District Court for the Middle District of Pennsylvania seeking compensation against the defendants. Richardson's claims stemmed from four separate incidents. Two of his claims alleged that members of the FCI Allenwood staff exhibited deliberate indifference to his serious medical needs. In his first claim, Richardson stated that on one occasion in October 2008, a physician assistant gave him a different inmate's medication during the noon pill line, and that Richardson did not realize this until he had taken the medication. In his other claim invoking deliberate indifference, Richardson stated that his requests for treatment for excessive snoring were ignored by the staff.

His remaining claims stem from two different sets of facts. In the first of these, Richardson stated that on several occasions the defendants read, copied, and destroyed his legal correspondence with his attorney in violation of Bureau of Prisons policy regarding Special Mail. In his final claim, Richardson alleged that on May 11, 2008, one

of the defendants confiscated three pairs of his shoes and failed to send them to Richardson's mother as he had asked. Richardson claims that he did so in retaliation, as Richardson had filed grievances against him.

## II

On June 22, 2010 the District Court granted the defendants' motion to dismiss all claims, finding that Richardson failed to state a claim upon which relief may be granted. The court dismissed the claims for deliberate indifference with prejudice, but dismissed the other claims without prejudice, granting leave to file an amended complaint. Richardson filed an amended complaint on July 9, 2010. On March 19, 2012 the court[1] entered an order granting summary judgment in favor of the remaining defendants on the final two claims.

## III

We have appellate jurisdiction under 28 U.S.C. §1291, and because Richardson is proceeding in forma pauperis, we review the appeal for possible dismissal under 28 U.S.C. §1915(e)(2). This Court's review is plenary. See DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005) (stating standard of review over dismissal under Federal Rule of Civil Procedure 12(b)(6)), see McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment). An appeal must be dismissed under 28 U.S.C.

---

[1] On December 22, 2010, this case was reassigned from the Honorable James F. McClure, Jr. to the Honorable James M. Munley.

§1915(e)(2) if it has no arguable basis in law or fact. Neitzke v.Williams, 490 U.S. 319 (1989).

IV

We first address Richardson's claims regarding deliberate indifference. The District Court correctly analyzed Richardson's claims under the standard set in Estelle v. Gamble. 429 U.S. 97, 103-104 (1976) (holding that the plaintiff must allege that the defendant acted with deliberate indifference to his serious medical needs in order to state an Eighth Amendment medical claim upon which relief may be granted). The test for whether a prison official acted with deliberate indifference is whether the defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm" Farmer v. Brennan, 511 U.S. 825, 842 (1994). To establish a constitutional violation the indifference must be deliberate and the actions intentional. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). Mere medical malpractice cannot give rise to a violation of the Eighth Amendment. Estelle, 429 U.S. at 106.

We agree with the District Court that Richardson failed to state a claim regarding either of his deliberate indifference causes of action. In his first claim, Richardson relied on one incident in which he was given another inmate's medication. He did not state that this was intentional, nor did he indicate any medical problems that resulted from the switched pills. In his second claim, Richardson again failed to state any serious medical need that arose from not being treated for snoring.

4

The District Court granted summary judgment against Richardson's final two claims because it found that he failed to exhaust his administrative remedies. Exhaustion of available remedies is required by 42 U.S.C. §1997(e) before an inmate suit can be maintained. Booth v. Churner, 532 U.S. 731, 739 (2001). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004). However, if an administrative remedy is not available because of interference on the part of prison officials, a plaintiff need not exhaust the unavailable remedy. Brown v. Croak, 312 F.3d 109, 111-113 (3d Cir. 2002).

We agree with the District Court that Richardson's claim regarding his legal mail was not exhausted. As the court explained in detail, Richardson improperly filed his initial informal resolution request (BP-9) in December 2007, sending it to general outgoing mail instead of to his unit counselor. Richardson was aware of the proper procedure, as he possessed a copy of the inmate handbook and had successfully submitted BP-9 forms previously. Richardson's next attempt at filing an administrative remedy was in August 2009, and was properly rejected as untimely. Because Richardson knew of and had availed himself of the proper remedy, it was available to him, and his failure to exhaust it resulted in a procedural default.

Richardson also claimed that one of the defendants stole his shoes in retaliation for filing grievances against them. While there may be an issue concerning exhaustion, Richardson's claim lacks legal merit. Even if Richardson was engaged in constitutionally

protected activity, Richardson also had to show that he suffered an adverse action at the hands of the prison officials in order to prevail on the retaliation claim. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Such an action must be sufficiently adverse to deter a person of ordinary firmness from engaging in the protected activity in order to prevail on the retaliation claim. Id. We have held that the following actions were sufficient to establish adversity: several months in disciplinary confinement; denial of parole, financial penalties, and transfer to a distant prison where his family could not visit him regularly. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Rauser, 241 F.3d at 333. In comparison, the loss of three pairs of shoes is not sufficiently adverse to support a retaliation claim.

V

In sum, because this appeal is lacking in arguable legal merit, we will dismiss it according to 28 U.S.C.§1915(e)(2).