In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1621

CRAIG ARMSTRONG,

*Plaintiff-Appellant,*

*v.*

JAMES KRUPICZOWICZ, et al.,[1]

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 08263 — **Manish S. Shah**, *Judge.*

SUBMITTED OCTOBER 18, 2017[*] — DECIDED NOVEMBER 3, 2017

[1] The case caption has been altered to reflect that Armstrong did not name the Villa Park Police Department as a defendant in his amended complaint.

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Before FLAUM, RIPPLE, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. Craig Armstrong appeals the denial of his motion for post-judgment relief in this lawsuit alleging that he was wrongfully arrested and prosecuted for violating the Illinois Sex Offender Registration Act. The district court, which dismissed Armstrong's original and amended complaints before service, concluded that relief under Federal Rule of Civil Procedure 59(e) was time-barred and that Armstrong did not raise valid grounds for relief under Rule 60(b). We disagree, as the district court's analysis of Armstrong's request for the assistance of counsel—as reiterated in his post-judgment motion—was flawed. Thus we vacate and remand for further proceedings.

Armstrong was convicted in October 2011 of failing to register as a sex offender, 730 ILCS § 150/6, but that conviction was later reversed on appeal. The Appellate Court of Illinois concluded that Armstrong's earlier plea agreement for the offense of unlawful restraint, 720 ILCS § 5/10-3, did not provide a factual basis for requiring him to register as a sex offender, *see* 730 ILCS § 150/2(B)(1.5). Thus, the court decided, Armstrong was not guilty of failing to register. *See People v. Armstrong*, 50 N.E.3d 745, 749–51 (Ill. App. Ct. 2016). The state then dropped the charges against Armstrong.

In this lawsuit, brought under 42 U.S.C. § 1983, Armstrong alleges that police officers who arrested and charged him with failure to register knew at the time that he was not required to register as a sex offender. He contends that police ignored and concealed exculpatory evidence, falsified documents to make it appear as though he had to register,

and propelled his prosecution despite knowing of his innocence.

This case is one of *thirteen* lawsuits Armstrong has filed in the Northern District of Illinois relating to his arrest, prosecution, and conviction for failing to register as a sex offender; most were dismissed for failure to comply with technical procedural rules. But he received a decision on the merits when he raised claims similar to the ones he pursues in this case in a nearly identical complaint he filed in 2014, before his conviction was overturned. District Judge Robert M. Dow, Jr., dismissed Armstrong's Fourth Amendment claims for unlawful arrest as untimely and the remainder of his claims as barred by the rule against collateral challenges to convictions found in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Armstrong v. Villa Park Police Dep't*, No. 14 CV 09086 (N.D. Ill. Feb. 17, 2015). We dismissed Armstrong's appeal of that decision (No. 15-1533) for his failure to pay the required filing fee. *See* CIR. R. 3(b).

When he filed his first complaint in this case, Armstrong sought leave to proceed without prepaying the filing fee; he also filed two motions asking the district court to recruit a lawyer to help him. The district court (Judge Manish S. Shah) granted leave to proceed *in forma pauperis* and screened Armstrong's complaint as required by 28 U.S.C. § 1915(e)(2)(B). The court concluded that the false-arrest claim already had been litigated before Judge Dow, and that the other allegations did not state a claim for a violation of due process or the improper withholding of exculpatory evidence, *see Brady v. Maryland*, 373 U.S. 83 (1963). The court gave Armstrong leave to replead and said that the motions for court-recruited counsel were "entered and continued and

[would] be addressed if plaintiff files an amended com-
plaint."

Armstrong filed an amended complaint alleging essen-
tially the same facts. The district judge again dismissed the
complaint under 28 U.S.C. § 1915(e)(2)(B), this time with
prejudice. As for the pending motions for recruitment of
counsel, the court simply said that Armstrong "was given
one opportunity to amend, but was unable to state a claim.
… The motions for attorney representation … are denied."

The district court entered judgment on January 12, 2017,
but granted Armstrong until March 15 to file a notice of ap-
peal. In the meantime, on February 21, Armstrong filed a
post-judgment motion invoking Federal Rules of Civil Pro-
cedure 59(e) and 60(b). In the motion Armstrong pressed his
allegations of police misconduct and suggested that counsel
should have been recruited for him, arguing that the district
court could "clearly see" that he needed legal help from the
many cases he already had lost. But he also appeared to be
confused about *which* of his cases he was litigating: the cap-
tion listed the case numbers from both the case assigned to
Judge Dow (14 CV 09086) and the later (current) case as-
signed to Judge Shah (16 CV 08263), and it discussed several
decisions by Judge Dow.

The district court denied the motion on February 27,
2017, concluding that under Rule 59(e), the motion was un-
timely because it was filed more than 28 days after entry of
judgment. Further, Armstrong had not identified any reason
under Rule 60(b)(1), (2), or (3) for granting relief from the
judgment, such as mistake, surprise, excusable neglect, new
evidence, or misrepresentation. Instead, Armstrong "simply
argue[d] that the complaint should not have been dismissed

because the defendants violated plaintiff's constitutional rights, and counsel should have been recruited for plaintiff." The court did not expressly consider whether there was "any other reason that justifie[d] relief," for purposes of Rule 60(b)(6).

On March 22, 2017, Armstrong filed a notice of appeal of the decision "entered on 2-27-2017," that is, the denial of his post-judgment motion. If he intended to appeal the underlying dismissal as well, he was out of time. The district judge had extended the time to file a notice of appeal from the underlying judgment only to March 15 (the maximum), and Armstrong had not filed a timely Rule 59(e) motion that paused the clock. We therefore notified Armstrong that the notice was timely only as to the denial of post-judgment relief. *See* FED. R. APP. P. 4(a); *Bell v. McAdory*, 820 F.3d 880, 882–83 (7th Cir. 2016).

On appeal, Armstrong challenges the denial of his post-judgment motion only obliquely, as most of his brief relates to decisions by other judges in his other lawsuits. But he does reprise his assertion that he needs legal assistance, saying that "the court is suppose[d] to help" him and that he is "not attorney" and does not "fully understand civil law." We construe Armstrong's brief generously, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), and understand him to be challenging, among other things, the district court's rejection of his requests for counsel, an issue Armstrong raised in the post-judgment motion that is the subject of this appeal.

We are mindful of the stringent standards in place for reviewing the denial of a motion under Federal Rule of Civil Procedure 60(b), as well as for the denial of court-recruited

counsel. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016) (explaining abuse-of-discretion standard for reviewing motions under Rule 60(b)); *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (explaining same standard for reviewing motions to recruit counsel). Still, a district court abuses its discretion by failing to adequately address a request for counsel, *see Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015), and that is what the court here did.

In *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*), we explained that a district court faced with a request for counsel must ask two questions: "(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id*. The district court in this case did not ask either question; instead it promised to address the motion when Armstrong amended his complaint, but did not. The court's reason for denying counsel at that point, that Armstrong was "unable to state a claim," is not a sufficient reason under *Pruitt* to decline to recruit counsel. In fact a litigant's difficulty stating a claim, where the facts suggest a possible basis for relief, may weigh *in favor of* recruiting counsel. The court's failure to engage in the inquiry required by *Pruitt* was an abuse of discretion. *See Childress*, 787 F.3d at 443. Therefore, the district court also abused its discretion when it declined to reconsider its ruling, and apply the appropriate legal standard, in ruling on the post-judgment motion.

Still, we will not disturb a decision to deny court-recruited counsel unless "there is a reasonable likelihood that the presence of counsel would have made a difference

in the outcome of the litigation." *Henderson*, 755 F.3d at 564 (quoting *Pruitt,* 503 F.3d at 659). Here, that standard is met. Contrary to the district court's assertions, the facts in Armstrong's amended complaint suggest at least two possible bases for relief. First, Armstrong alleged that defendants hid evidence that was not publicly available and that might have exonerated him or prevented his arrest in the first place, namely, a fax sent to one of the police-officer defendants before Armstrong's arrest, stating that there was no order to register as a sex offender on file for him. These facts suggest a due-process claim against the officer for concealing exculpatory evidence in violation of *Brady, see Steidl v. Fermon*, 494 F.3d 623, 630–31 (7th Cir. 2007). But the district court apparently overlooked this possibility, saying only that the amended complaint "no longer asserts a claim for the failure to disclose exculpatory evidence."

Second, Armstrong alleged that the defendants fabricated evidence, lied to secure an indictment, and pursued the charges against him despite knowing of his innocence; he says these actions led to his conviction, which later was overturned. These facts point to the tort of malicious prosecution under Illinois law. *See Colbert v. City of Chicago*, 851 F.3d 649, 654–55 (7th Cir. 2017), *petition for cert. filed* (U.S. Oct. 20, 2017) (No. 17-595). Although the district judge analyzed Armstrong's claim that defendants "fabricated evidence," he took Armstrong at his word that he was asserting a "due process" theory (and not, the judge wrote in parentheses, either false arrest or malicious prosecution) and determined that Armstrong failed to state a claim because he did not allege that the fabricated evidence was used to deprive him of his liberty.

But of course, "it is factual allegations, not legal theories, that must be pleaded in a complaint." *Whitaker v. Milwaukee Cty.*, 772 F.3d 802, 808 (7th Cir. 2014); *see Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 783 (7th Cir. 2015). An imperfect statement of a legal theory is not grounds for dismissal. *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

We express no opinion about Armstrong's ability to state either claim—or any others—plausibly, nor do we express an opinion about the availability of any affirmative defenses. Still, a lawyer might be able to better articulate the claims for the district court's consideration.

The district court had the opportunity to reexamine Armstrong's request for attorney representation when Armstrong filed his post-judgment motion that argued, in the district court's words, that "counsel should have been recruited." In its brief order, however, the court concluded that Armstrong had not raised any grounds for relief from judgment. But improper handling of a request for counsel *can* be a reason to provide relief from judgment under Rule 60(b). *See Davis v. Moroney*, 857 F.3d 748, 750–52 (7th Cir. 2017) (holding that extraordinary circumstances justified relief from judgment under Rule 60(b)(6) where, in addition to plaintiff's confusion with litigation process, "his difficulty in litigating [the] case … stemmed from the district court's handling" of his motions for counsel); *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 554 (7th Cir. 1996) (same in case where court's "own delay in ruling on" plaintiff's motions for recruitment of counsel contributed to plaintiff's difficulty litigating).

As we have said, the district court's failure to engage in the inquiry required by *Pruitt* was an abuse of discretion,

and therefore, the denial of the post-judgment motion challenging the denial of attorney representation was also erroneous. In ruling on that motion the district court, again, did not examine whether recruitment of counsel had been warranted under the *Pruitt* standard. Though the district court must be the one to engage in that inquiry in the first instance, we note that one of Armstrong's motions lists six attorneys he contacted about representing him, and that, as the district court itself recognized, he has not shown that he is competent to file a complaint that plainly sets forth his claims. His history of filing procedurally inadequate lawsuits and his clear confusion in litigating his claims also bear on the question of his ability to litigate. Because his requests for counsel were all but unanswered, and the denial of counsel was potentially fatal to his claims, he has presented the extraordinary circumstances that justify relief from the judgment. We recommend that, on remand, the district court strongly consider recruiting counsel for Armstrong.

On that note, we recognize that out of Armstrong's twelve other lawsuits, only one other case is still pending: *Armstrong v. 18th Jud. Cir. Ct. of DuPage Cty.*, No. 17 CV 0075, before Judge John Z. Lee. Armstrong has been assigned a recruited attorney in that case, which appears to involve some overlapping issues but different defendants. Therefore, if this case survives the pleading stage on remand, the district court should consider whether it would be appropriate to assign both cases to the same judge pursuant to the Northern District of Illinois' Local Rule 40.4 or consolidate them under Federal Rule of Civil Procedure 20(a)(2).

We VACATE the order denying Armstrong's post-judgment motion and REMAND for further proceedings consistent with this opinion.