Bauer, Circuit Judge.
Kathy Haywood and Lia Holt filed this putative class action alleging that Massage Envy Franchising, LLC ("Massage Envy"), committed unfair and deceptive business practices by advertising and selling one-hour massages but providing massages that lasted only 50 minutes. They now appeal from the district court's order granting Massage Envy's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We affirm.
I. BACKGROUND
Massage Envy is a franchisor based in Scottsdale, Arizona, that grants licenses to independently owned and operated entities for use of its name, trademark, and standardized business operations. Haywood is an Illinois resident and Holt is a Missouri resident. Massage Envy has multiple franchise locations in both states that offer massages and other related services.
On November 16, 2016, Haywood and Holt filed their first amended complaint which is the subject of Massage Envy's motion to dismiss and this appeal. It alleges that Massage Envy violated numerous provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 et seq. , and the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 et seq. , when it offered and sold "what it stated were one-hour massages or 'massage sessions' that provided no more than 50 minutes of massage time."
Before detailing Haywood's and Holt's specific experiences, the complaint explains how Massage Envy advertised massage services on its website between May 2007 and September 2016. It focuses primarily on the advertisement on the website's homepage for an "Introductory 1-hour Massage Session*" at the price of $50. Clicking the asterisk after the word "Session" led the user to a separate web page that did not contain information about the length of a massage. However, at the bottom of the homepage there was a link that stated "*View pricing and promotional details." That link led to a separate page with a number of disclaimers. One disclaimer titled "Session" explained that a "[s]ession includes massage or facial and time for consultation and dressing." The complaint alleges that the multiple *332 asterisks confused the average consumer and that Massage Envy deceptively hid the disclosures where they were "nearly impossible" to find.
Haywood's first encounter with Massage Envy came after receiving an electronic gift card for $75 from her daughter via email. The email provided instructions for downloading the gift card and scheduling an appointment. The complaint notes that "[a] line buried in fine print at the bottom of the email stated, 'Session includes massage or facial and time for consultation and dressing.' " Haywood visited the Massage Envy website and booked a one-hour massage session at a franchise location in O'Fallon, Illinois. She did not see a disclaimer either on the website or at the O'Fallon location stating that the massage time would be less than 60 minutes. Haywood went for her massage on May 11, 2016. After speaking briefly with the massage therapist, she was given time to undress and then received a massage that lasted no more than 50 minutes.
Haywood scheduled another appointment at the same location on September 8, 2016, "to verify that Massage Envy provided only 50 minutes' massage time for a one-hour massage." She booked a one-hour massage session, this time via phone, for $90. She did not see any sign or display at the location noting that the massage time would be less than one hour. She received another massage that lasted no more than 50 minutes.
Holt's allegations regarding her experience are less detailed than Haywood's. The complaint alleges that in April 2012, Holt "accessed Massage Envy's website to research the prices for a one-hour massage" and learned that the nearest franchise location was in Oakville, Missouri. She telephoned that location and made an appointment for a one-hour massage. Sometime during that same month, she went to the Oakville location and received a massage that lasted no more than 50 minutes.
On behalf of Haywood and all other similarly situated Illinois residents, the complaint alleges counts of Affirmative Deception, Material Omissions of Fact, and Unfair Practices in violation of the IFCA. It alleges the same three counts in violation of the MMPA on behalf of Holt and all other similarly situated Missouri residents. Massage Envy moved to dismiss the complaint arguing both a lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.
On June 9, 2017, the district court granted Massage Envy's motion and dismissed the complaint with prejudice. The court first held that Haywood and Holt had standing, rejecting Massage Envy's argument that they had not pleaded a cognizable injury that was fairly traceable to Massage Envy. However, when analyzing the requirements for pleading damages under the IFCA and the MMPA, the court held that both Haywood and Holt's allegations failed to meet the standards set forth by those statutes and the corresponding case law. The court also found that Holt's claims did not meet the heightened pleading standard required under Federal Rule of Civil Procedure 9(b), as she did not allege a time or a place for the fraudulent conduct, nor did she state particularly how she was deceived. Haywood and Holt timely appealed.
II. DISCUSSION
We review de novo a district court's ruling that a complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6). Camasta v. Jos. A. Bank Clothiers, Inc. , 761 F.3d 732, 736 (7th Cir. 2014). We "may affirm the district court's dismissal on any ground supported by the record, even if different *333 from the grounds relied upon by the district court." Slaney v. The Intern. Amateur Athletic Fed'n , 244 F.3d 580, 597 (7th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." Camasta , 761 F.3d at 736 (internal quotation marks and citation omitted). Because Haywood and Holt bring their claims under different statutes, we will analyze the sufficiency of their allegations separately.
A. Haywood's ICFA Claims
We analyze ICFA claims of deception under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Id. Although Haywood brings one ICFA claim alleging unfair practices, that claim still sounds in fraud because it relies upon the same baseline allegation that Massage Envy intentionally misled consumers by hiding information on the length of massage time. Therefore, it too is subject to Rule 9(b) 's requirements. See id. at 737 (holding that an unfairness claim that "sounds in fraud" can implicate Rule 9(b) ). Rule 9(b) requires the complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). That means that it must specifically allege the "who, what, when, where, and how of the fraud." Camasta , 761 F.3d at 737 (internal quotation marks and citation omitted).
To state a claim under the ICFA as a private party, Haywood must plausibly allege: (1) a deceptive act or promise by Massage Envy; (2) Massage Envy's intent that she rely on the deceptive act; (3) the deceptive act occurred during a course of conduct involving trade or commerce; and (4) actual damage as a result of the deceptive act. Camasta , 761 F.3d at 739 ; see also 815 ILCS 505/10a (providing individual cause of action for violation resulting in "actual damages"). "Actual damage" in this context means that Haywood must have suffered actual pecuniary loss. Camasta , 716 F.3d at 739. Additionally, the deceptive act must have been the "but-for" cause of the damage. Mulligan v. QVC, Inc. , 382 Ill.App.3d 620, 321 Ill.Dec. 257, 888 N.E.2d 1190, 1199 (2008).
As an initial matter, Haywood cannot obtain relief based on her second visit to Massage Envy because after her first visit, she cannot plausibly allege that she was deceived regarding the length of the massage. In fact, she states in the complaint that she booked the second massage "to verify that Massage Envy provided only 50-minutes' massage time." Because she knew how long the massage would last, she cannot maintain a claim based on the second visit. Oliveira v. Amoco Oil Co. , 201 Ill.2d 134, 267 Ill.Dec. 14, 776 N.E.2d 151, 164 (2002) (holding that those who "know the truth" do not have a valid ICFA claim). Therefore, we need only focus on the allegations regarding Haywood's first visit.
Much of the district court's decision, as well as the briefing before this court, was dedicated to a discussion of the requirements for pleading damages under the ICFA. The district court held that Haywood could not establish that she suffered an actual pecuniary loss because she did not spend any money on the massage, but instead used the gift card her daughter gave her. Additionally, the court found that Haywood's allegations failed to establish that the value of the massage she received was "worth less than what [she] actually paid," citing Kim v. Carter's Inc. , 598 F.3d 362, 365 (7th Cir. 2010). Haywood argues that the court erred by failing to evaluate her alleged injury under the benefit-of-the-bargain rule, which only requires an allegation that she received *334 something less than what she was promised. However, we need not settle that debate here because Haywood's claims fail for a different reason altogether.
Even had Haywood adequately pleaded actual damages, her allegations fail to establish the requisite causation. Although proximate cause in an IFCA claim is typically an issue of fact, a court may determine it as a matter of law where "only one conclusion is clearly evident." Mulligan , 321 Ill.Dec. 257, 888 N.E.2d at 1199. Here, the only reasonable conclusion is that Massage Envy's representations regarding the one-hour massage session were not the but-for cause of any alleged injury. See id. There is no allegation in the complaint that her belief about the length of the massage caused Haywood to make the appointment. To the contrary, the only reasonable and plausible inference is that only the receipt of a gift card caused her to book a massage; the alleged deceptive representations did not influence that decision. Her failure to cite a specific deceptive representation that caused her to pay for something she did not receive is particularly problematic in light of Rule 9(b) 's heightened standard. See Camasta , 761 F.3d at 737 (plaintiff must plead the "how of the fraud"). She cannot, based on these allegations, establish that Massage Envy's alleged deception was the but-for cause of her injury, and her claims fail as a result. See Mulligan , 321 Ill.Dec. 257, 888 N.E.2d at 1199 ; see also Oshana v. Coca-Cola Co. , 472 F.3d 506, 513-14 (7th Cir. 2006) ("[A] damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception.").
B. Holt's MMPA Claims
Just as with Haywood's claims, Holt's are based on the allegation that Massage Envy intentionally misrepresented the length of their massages. Holt concedes, and we agree, that Rule 9(b) 's heightened pleading standards apply to her MMPA claims. Though the parties do not cite, and we have not found, direct authority on this point from our cases or those of our sister circuits, we note that district courts in Missouri routinely apply Rule 9(b) to MMPA claims. See, e.g. , Pfitzer v. Smith & Wesson Corp. , No. 4:13-CV-676-JAR, 2014 WL 636381 at *3 (E.D. Mo. Feb. 18, 2014) ; Khaliki v. Helzberg Diamond Shops, Inc. , No. 4:11-CV-00010-NKL, 2011 WL 1326660 at *2 (W.D. Mo. April 6, 2011) ; Blake v. Career Educ. Corp. , No. 4:08-CV-00821-ERW, 2009 WL 140742 at *2 (E.D. Mo. Jan. 20, 2009).
To state a claim for a deceptive practice under the MMPA, Holt must allege that (1) she purchased merchandise from Massage Envy; (2) the merchandise was for personal, family, or household purposes; (3) she suffered an ascertainable loss of money; and (4) the loss was the result of a deceptive act, as defined by the statute. Ward v. West Cty. Motor Co. , 403 S.W.3d 82, 84 (Mo. 2013) (en banc); Mo. Rev. Stat. §§ 407.020, 407.025.
The entirety of the allegations regarding Holt's experience with Massage Envy are contained in six sentences over four paragraphs of the 76-page complaint. She states that she called the Oakville, Missouri, franchise location to make an appointment for a one-hour massage after she "accessed Massage Envy's website to research the prices for a one-hour massage." When she arrived for her appointment, she received a massage that lasted no more than 50 minutes. These bare bones allegations fall woefully short of satisfying the MMPA's pleading requirements, particularly when they are subjected to the heightened standards of Rule 9(b).
*335 Specifically, Holt completely fails to allege that a deceptive representation from Massage Envy caused her to suffer an ascertainable loss of money. She does not state what, if anything, she saw or did not see on the Massage Envy website that led her to believe she was paying for one hour of massage time. In fact, the allegation that she "researched" one-hour massage sessions might infer that she saw the disclaimer regarding massage-session time allocation that the complaint freely admits was present. Regardless, stating that she visited the website is not sufficient to claim that she saw something that deceived her. It does not provide the what or how of the fraud, as Rule 9(b) requires.
It is also notable that she does not state how much, if anything, she paid for her massage. For that reason, she has failed to plead that she suffered an ascertainable loss of money. Moreover, as was the case for Haywood, she fails to plead any causation. There is no indication that it was Massage Envy's deceptive advertisement that led her to book a massage at one of its locations. Accordingly, the allegations do not support the conclusion that Massage Envy caused her to suffer an ascertainable loss of money.
In sum, Holt's allegations fail to state a claim under the MMPA with the particularity required under Rule 9(b). For that reason, the district court did not err in dismissing her claims.
C. Dismissal with Prejudice
As we have explained, the district court was correct to grant Massage Envy's motion to dismiss. Still, we must determine whether it was error to dismiss the complaint with prejudice. We review that decision for an abuse of discretion. Gonzalez-Koeneke v. West , 791 F.3d 801, 807 (7th Cir. 2015).
Haywood and Holt argue that they can cure any infirmities in their complaint by amending and fleshing out the details of their claims. Crucially, however, they did not request leave to amend their complaint from the district court. They contend that their lack of an explicit request is of no consequence, citing the generally liberal approach to granting leave to amend under Federal Rule of Civil Procedure 15(a)(2). See, e.g. , Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind. , 786 F.3d 510, 519 (7th Cir. 2015).
We disagree. Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing. See Indep. Tr. Corp. v. Stewart Info. Servs. Corp. , 665 F.3d 930, 943 (7th Cir. 2012) ; see also James Cape & Sons Co. v. PCC Constr. Co. , 453 F.3d 396, 400-01 (7th Cir. 2006).
Here, in light of our analysis above, it is reasonable to conclude that the district court believed Haywood and Holt would not be able to cure the problems in their complaint. See James Cape & Sons Co. , 453 F.3d at 401 (holding that dismissal with prejudice was not an abuse of discretion where district court "could have quite reasonably believed that an amended complaint would suffer the same fatal flaws as the one before it"). Without a request for leave to do so, nor any indication to the court how they might accomplish that goal, the district court did not abuse its discretion in dismissing the complaint with prejudice.
*336 III. CONCLUSION
For the foregoing reasons, the district court's order is AFFIRMED.