NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2018[*]
Decided May 23, 2018

*Before*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2511

| | |
|---|---|
| TERRANCE MACK,<br> *Plaintiff-Appellant*,<br><br>  *v.*<br><br>CITY OF CHICAGO, et al.,<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 17 C 3302<br><br>Milton I. Shadur,<br>*Judge*. |

**O R D E R**

Chicago police officers arrested Terrance Mack and two others in 1988 for a drive-by shooting that killed a young boy and maimed another child. Mack was convicted of murder and attempted murder, and is serving a 60-year sentence. He brings this suit against various city officials under 42 U.S.C. § 1983, claiming that his right to due process was violated at trial because detectives operating under former police commander Jon Burge, who allegedly tortured criminal suspects over almost two

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

decades, physically coerced Mack's codefendant into signing a statement that falsely incriminated him. The district court dismissed Mack's suit as untimely and denied his post-judgment request to amend the complaint. Because Mack's original complaint failed to state a claim and his proposed amended complaint would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), we affirm.

At his criminal trial, Mack moved to admit into evidence his codefendant's statement to police officers that Mack was not the shooter. The state-court judge denied the motion upon concluding that the extrajudicial statement was unreliable, in part because the same codefendant later signed a written statement identifying Mack as the gunman. This inculpatory statement is the one Mack alleges to be the product of coercion. It was not introduced at Mack's trial, however; instead, a jury found Mack guilty based on the testimony of four eye witnesses. He appealed, asserting that the trial judge's evidentiary ruling violated his right to due process. *People v. Mack*, 606 N.E.2d 165, 169 (Ill. App. Ct. 1992). The Illinois Appellate Court upheld the judge's ruling and affirmed Mack's convictions, *id.* at 169–71, 174, and the Illinois Supreme Court denied Mack's petition for leave to appeal, *People v. Mack*, 610 N.E.2d 1271 (Ill. 1993). Mack's federal petition for a writ of habeas corpus was denied. *Mack v. Peters*, 80 F.3d 230 (7th Cir. 1996). He filed several petitions in state court seeking post-conviction relief; all were denied. *People v. Mack*, 2013 IL App (1st) 113336-U ¶ 53.

Mack now sues the City of Chicago, its current mayor, a past mayor, Jon Burge, and four former police detectives, contending that the detectives' "use of torture" to obtain "fabricated evidence against him" violated his Fourteenth Amendment right to due process. Mack alleged that the city recently compensated his codefendant for having been tortured into inculpating him, and that he filed this action within two years of when this compensation was awarded. The district judge screened Mack's original complaint, 28 U.S.C. § 1915A(a), and believed that its untimeliness was evident on its face. A district court can *sua sponte* invoke the statute of limitations in that circumstance. *See Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002). But here, apparently hesitant because the statute-of-limitations defense is waivable, the judge took the unorthodox step of ordering the defendants, who had not yet been served, to declare whether they intended to waive the defense. When they answered that they did not intend to do so, the judge dismissed the suit as barred by the two-year statute of limitations applicable to § 1983 claims filed in Illinois.

Mack filed motions to vacate the judgment and for permission to amend his complaint. He wanted to add a claim that the trial judge's reliance on the coerced,

inculpatory statement as reason to exclude his codefendant's exculpatory statement violated his Fourteenth Amendment right to due process, irrespective of whether the inculpatory statement was admitted at trial. The district judge denied Mack's motions, saying again that his complaint was "hopelessly" untimely.

On appeal Mack argues that his complaint was wrongly dismissed, offering several theories for why his suit was timely. But the appellees do not defend the dismissal on statute-of-limitations grounds, thereby waiving this affirmative defense on appeal. *See McClain v. Retail Food Employers Joint Pension Plan*, 413 F.3d 582, 587 n.4 (7th Cir. 2005); *see also O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009) ("[A]rguments not raised on appeal are waived.") (citation omitted). Instead, the appellees note that we may affirm a dismissal on any ground the record supports, even grounds different from those relied upon by the district judge, *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 332–33 (7th Cir. 2018), and they contend that Mack's original complaint failed to state a claim for violation of his own constitutional rights.

We agree with the appellees that Mack's original complaint failed to state a constitutional claim. He originally alleged only that police coerced his codefendant into giving a false statement that incriminated him. But to have asserted a violation of his own rights, instead of just his codefendant's, Mack needed to assert, at a minimum, that the coerced statement was admitted at his trial. *See Avery v. City of Milwaukee*, 847 F.3d 433, 439, 439 (7th Cir. 2017) (noting that coerced witness testimony implicates defendant's due-process right to fair trial only if he was denied opportunity to impeach that testimony because prosecutor failed to disclose coercive tactics); *Petty v. City of Chicago*, 754 F.3d 416, 423 (7th Cir. 2014) ("[O]btaining a statement with coercive tactics that inculpated the arrestee may have violated the witness's rights, but it did not violate the arrestee's due process rights.").

Mack also challenges the denial of an opportunity to amend his complaint, but the defendants contend correctly that allowing him to amend would have been futile because the proposed amended complaint raised a claim that is barred by *Heck*. Although the district judge denied Mack leave to amend based on the statute-of-limitations defense, district courts should determine the applicability of *Heck* before addressing the statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (observing that a previously *Heck*-barred claim accrues only if (and when) the conviction is invalidated). As our review is plenary, we do so now.

We conclude that Mack's due-process claim based on an unfair criminal trial necessarily would impugn the validity of his conviction, and so he cannot bring his

claim for damages unless his convictions are invalidated through a collateral proceeding. *See Heck*, 512 U.S. at 487; *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008) ("[A] § 1983 claim for a due process violation based on the denial of a fair criminal trial may be brought only after the conviction is set aside."). Success on Mack's due-process claim would require establishing that the trial judge's exclusion of the exculpatory statement (based on the existence of a contradictory, coerced statement) resulted in an unfair criminal trial. Accordingly Mack may pursue this due-process claim only if his convictions are invalidated.

Mack replies that success on his due-process claim would not invalidate his convictions. To have his convictions invalidated, Mack says, he would need to prove in a collateral proceeding in state court that prejudice from the coerced, false, incriminating statements so affected his criminal trial that his right to due process was violated. *See* 725 ILCS 5/122-1(f).

Mack misses the point; judgment on a § 1983 claim can "imply" that a conviction is invalid without "invalidating" it. *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015). *Heck* bars § 1983 claims based on allegations that, if true, would be inconsistent with a valid conviction, even if the plaintiff "disclaims any intention of challenging his conviction." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Indeed, judgment for Mack on his civil claim for damages would not invalidate his conviction or result in a new trial, but "it would cast a shadow over his conviction" and allow Mack "to argue that he had been determined by a court to have been unjustly convicted … but was forbidden to obtain relief on the basis of that finding." *Hill*, 785 F.3d at 245. This, we said, "*Heck* forbids." *Id.*

Although the unavailability of collateral review sometimes renders *Heck's* favorable-determination requirement inapplicable, *Whitfield*, 852 F.3d at 658; *Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012), we need not consider this. Mack acknowledges that he may seek leave to file another successive petition under 725 ILCS 5/122-1(f).

Mack also contends that the defendants waived their defense based on *Heck* by not raising it in the district court. The *Heck* defense is not jurisdictional and therefore may be waived, *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011), but the defendants had no chance to raise it in the district court. The first indication of a *Heck*-barred claim was in Mack's post-judgment motion to file a proposed amended complaint, and there was no briefing on that motion before the judge denied it. Furthermore, waiver results only if the delayed assertion of an affirmative defense would cause prejudice. *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010). Mack was not prejudiced

by the assertion of *Heck* on appeal because he had an opportunity, which he used, to argue against its applicability.

Lastly, Mack asserts that the denial of his motion to recruit counsel prevented an attorney from articulating his constitutional injury in a way that would avoid *Heck*. We will not disturb a decision to deny recruitment of counsel unless "there is a reasonable likelihood that the presence of counsel would have made a difference in the outcome of the litigation." *Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1008 (7th Cir. 2017); *Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc). Because Mack's only grievance is the fairness of his criminal trial, a lawyer could have done nothing to overcome *Heck*.

AFFIRMED